Cohen and Sons *v.* Swarttz and Sons, Appellant.

Argued November 20, 1931.

Before Trexler, P. J., Keller, Linn, Gaw-throp, Cunningham, Baldrige and Stadtfeld, JJ.

*A. L. Levi* of *Levi and Mandel,* for appellant.

*S. I. Sacks* of *Sacks & Piwosky,* for appellee.

OPINION BY CUNNINGHAM, J., March 5, 1932:

The case now before us on the appeal of the defendant was tried in the municipal court without a jury. Several technical questions of partnership law were raised at the trial and argued here, but the documentary evidence introduced by defendant demonstrates that they are without merit and merely tend to obscure the real issue which was one purely of fact. That evidence also refutes the contention of counsel for defendant that plaintiff is improperly seeking to hold defendant individually liable for a partnership obligation.

It was not controverted that on or about April 2, 1928, a partnership, doing business as M. Swarttz and Sons, received from plaintiff a number of boxes of chalk, a quantity of buttons, several pieces of cloth and a sample trunk, billed at the aggregate amount of $430.60. Plaintiff, who had retired from business in 1927, contended these clothing manufacturers' supplies were the remainder of his stock in trade and that defendant orally agreed to purchase them from him at the prices detailed in the bill rendered to the partnership and set out in plaintiff's statement of claim. He testified the negotiations were had with Morris Swarttz.

The defense, interposed and testified to by Morris Swarttz, was that the goods were not actually purchased from plaintiff, but M. Swarttz and Sons had merely agreed to take charge of them and try to sell them for plaintiff. The trial judge found the goods

had been purchased by M. Swarttz and Sons from plaintiff at the prices set out in the statement of claim and had been delivered to and accepted by the partnership. There was ample competent evidence to support this finding and it is, therefore, conclusive upon the only material issue of fact. Defendant's motions for a new trial and for judgment n. o. v. were denied and the present appeal is from the judgment entered upon the finding.

The suit was brought February 3, 1930, against "Morris Swarttz, trading as M. Swarttz and Sons," and defendant is so described in the second paragraph of the statement. The second paragraph of the affidavit of defense filed by Morris Swarttz reads: "Denied. The name of the defendant is Morris Swarttz, but the defendant does not trade as M. Swarttz and Sons." When called as upon cross examination, Morris Swarttz testified that in April and May of 1928 the partnership of "M. Swarttz and Sons" consisted of his father, Max Swarttz, his brother, Milton Swarttz, and himself. The averment of the affidavit and his testimony are both contradicted by a written agreement made in September, 1926, and offered in evidence by him. By it a partnership then existing between Max Swarttz, Morris Swarttz and Milton Swarttz, under the firm name of "M. Swarttz and Sons and Sunny Serge Clothing Company," was dissolved: Max Swarttz retired and Morris Swarttz and Milton Swarttz continued the partnership under the original name. At the time the goods now in question were sold and delivered to this partnership it was composed only of Morris Swarttz and his brother, Milton Swarttz. Several years later, but before suit was brought, that partnership was dissolved as of July 15, 1928, under the provisions of another written agreement, also put in evidence by the defendant. Under the agreement of 1928 Milton Swarttz withdrew

and it was provided that Morris Swarttz should liquidate the business of "M. Swarttz and Sons" and might continue to use that name. One of the paragraphs of the agreement reads: "Both parties shall be responsible for the payment of the liabilities of the copartnership as they existed on the 15th day of July, 1928, and the said Morris Swarttz shall undertake to pay and discharge the same in the usual course of business." Plaintiff's claim was one of those liabilities. In the published notice of the dissolution it was stated that the interest of Milton Swarttz had been purchased by Morris Swarttz, "who will hereafter continue to trade under the firm name and style of M. Swarttz and Sons." Neither partnership was registered and the provisions of the agreement of 1928 were in force when plaintiff brought this suit and caused the summons to be served on Morris Swarttz.

The recital of the history of the firm of M. Swarttz and Sons, and of its liquidation, appearing from the evidence introduced by defendant, demonstrates that the action was properly brought against "Morris Swarttz, trading as M. Swarttz and Sons."

The judgment is affirmed.